IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| G.F., and | ) | |
| | ) | |
| COURTNEY FRERKING, and | ) | |
| | ) | |
| SETH FRERKING, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:21-cv-4079-MDH |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE CROSS AND BLUE SHIELD OF | ) | |
| TEXAS, A DIVISION OF Health Care Service | ) | |
| Corporation, and | ) | |
| | ) | |
| UNITED SURGICAL PARTNERS, | ) | |
| INTERNATIONAL, in its fiduciary capacity | ) | |
| for the United Surgical Partners Intl. Health | ) | |
| and Welfare Benefit Plan, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Defendants Blue Cross and Blue Shield of Texas' ("BCBSTX") and United Surgical Partners International, Inc.'s ("USPI") respective partial motions to dismiss (Docs. 16, 19). BCBSTX moves to dismiss Counts II, III, and IV of Plaintiffs' Complaint. USPI also moves to dismiss Count II and III and its motion fully incorporates BCBSTX's motion and arguments. For the reasons set forth herein, both partial motions to dismiss are **GRANTED**.

## BACKGROUND

Plaintiff G.F. underwent surgery known as Vertebral Body Tethering ("VBT") to treat her idiopathic scoliosis and BCBSTX denied benefits for G.F.'s VBT because the procedure was considered experimental and investigational under applicable medical policies. (Doc. 1, ¶ 30, 33,

1

37). Plaintiffs appealed the claim denial, and BCBSTX upheld its determination. (*Id.*, ¶ 64, 65). Plaintiffs subsequently filed this lawsuit.

At all times relevant to this lawsuit, Plaintiff G.F. was covered under a group health benefits plan (the "Plan") established by USPI for its eligible employees and their dependents, for which BCBSTX serves as claims administrator. (*Id.*, ¶ 20). Plaintiff Courtney Frerking is the plan participant and her husband, Plaintiff Seth Frerking, and daughter, G.F., are covered beneficiaries. The Plan is an employer-sponsored self-funded group benefits plan governed by ERISA for which BCBSTX provides administrative services. (*Id*).

In Count I of the Complaint, Plaintiffs assert a claim for recovery of ERISA plan benefits for allegedly improperly denied healthcare claims. (*Id.*, ¶¶ 107-108). In Count II, Plaintiffs incorporate all the same facts pled in support of Count I, and seek "equitable relief" in the form of ERISA plan benefits for the same allegedly improperly denied healthcare claims as Count I. (*Id.*, ¶¶ 107-108). In Count III, Plaintiffs seek state law breach of contract damages from BCBSTX for recovery of ERISA plan benefits for allegedly improperly denied healthcare claims. (*Id.*, ¶¶ 109-113). In Count IV, Plaintiffs seek a civil penalty of $110 a day from BCBSTX for alleged failure to provide certain plan documents. (*Id.*, ¶¶ 114-128).

Both BCBSTX and USPI move to dismiss Counts II and III of the Complaint. BCBSTX additionally moves to dismiss Count IV as it applies to BCBSTX. USPI's motion incorporates by reference the portions of the motion and memorandum filed by BCBSTX that address Counts II and III.

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007

WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id*. This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id*.

## DISCUSSION

### A. Count II

BCBSTX and USPI both move to dismiss Count II pursuant to 12(b)(6) based upon the same legal arguments, so the Court will analyze the two separate motions as one. Defendants contend that Count II must be dismissed because it seeks the same recovery of ERISA benefits as Count I under 29 U.S.C. § 1132(a)(1)(B) under the same theory of liability. In the Eighth Circuit, duplicative claims are properly dismissed under Rule 12(b)(6). *Buchanan v. Magellan Health, Inc*., Case No. 4:18-CV-00130-NCC, 2018 U.S. Dist. LEXIS 175087, at *13-14 (E.D. Mo. Oct. 11, 2018). In order to survive a motion to dismiss, claims seeking ERISA plan benefits and equitable relief under ERISA must plead different theories of liability. *Id.*; *see also Jones v. Aetna Life Ins. Co*., 856 F.3d 541, 545-47 (8th Cir. 2017) (claim for equitable relief under ERISA must be based on different theory of liability than claim for benefits); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 727 (8th Cir. 2014) (same).

Here, Counts I and II seek the same remedy (ERISA plan benefits) pursuant to the same theory of liability (improper denial of healthcare claims) clearly under the same statutory section

of ERISA. (Doc. 1, ¶¶ 100-06.) Count I is identical to Count II, in which Plaintiffs expressly "request[] . . . relief pursuant to 29 U.S.C. § 1132(a)(1)(B)." (*Id.*, ¶ 108.) Moreover, Count II expressly incorporates the identical factual allegations that are incorporated in Count I. (*Id.*, ¶ 107.) As such, Count I and Count II are identical and duplicative, as they both seek to recover ERISA benefits for allegedly improperly denied healthcare claims pursuant to § 1132(a)(1)(B) under the same set of facts. Accordingly, Count II is dismissed as duplicative as to both Defendants.

## B. Count III

BCBSTX and USPI similarly both move to dismiss Count III pursuant to 12(b)(6) based upon the same legal arguments. The Court will analyze the two separate motions as one. Defendants assert that Count III must be dismissed because ERISA expressly preempts Plaintiffs' state law breach of contract claim.

Plaintiffs' benefit plan is governed by ERISA because it is a self-funded health benefits plan that is sponsored by an employer—in this case, USPI. (Doc. 1, ¶¶ 18, 20). ERISA's civil enforcement remedies are intended to be exclusive, and ERISA thus supersedes all state laws that "relate to" any ERISA employee benefits plan. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 143–44 111 (1990). Where ERISA preempts a state law claim, dismissal is appropriate. *See Ibson v. United Healthcare Servs.*, 877 F.3d 384, 391 (8th Cir. 2017) (affirming dismissal of a breach of contract claim based on ERISA preemption); *Estes v. Fed. Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005) (any claim "[1] that ha[s] a connection with or [2] reference[s] [an ERISA] plan" is preempted by ERISA); *Walker v. Nat'l City Bank*, 18 F.3d 630, 634 (8th Cir. 1994) ("[I]f the claim is one for state law breach of contract, the claim is preempted by ERISA."); *Coonce v. Aetna Life Ins. Co.*, 777 F. Supp. 759, 765 (W.D. Mo. 1991) (entering summary judgment for defendant on plaintiff's breach of contract claim); *Bohlmann v. Logos Sch.*, 669 F. Supp. 951, 952 (E.D. Mo.

4

1987) (holding that ERISA preempts state common law causes of action based on a denial of benefits and dismissing claims based on common law breach of contract); *Agee v. Armour Foods Co.*, 672 F. Supp. 1210, 1214-16 (W.D. Mo. 1986) (holding that plaintiff's claim for breach of contract was preempted by ERISA).

Plaintiffs' Count III asserts a state law breach of contract claim seeking to recover ERISA plan benefits for alleged wrongful denial of healthcare claims. (Doc. 1, ¶¶ 109-113). Count III, therefore, "relates to" Plaintiffs' ERISA benefits plan and is preempted under Section 1144(a). *See Estes v. Fed. Express Corp.*, 417 F.3d 870, 872 (8th Cir. 2005) ("[S]tate law claims are preempted if the claims 'relate to' an employee benefit plan, 29 U.S.C. § 1144(a), such that they '[1] have a connection with or [2] reference to such a plan.'") (citing *Howard v. Coventry Health Care, of Ia., Inc.*, 293 F.3d 442, 446 (8th Cir. 2002)). Accordingly, Count III is dismissed with prejudice as to both Defendants.

## C. Count IV

Finally, only BCBSTX moves to dismiss Count IV of the Complaint as it applies to it. BCBSTX contends that Count IV must be dismissed because the civil penalties available under ERISA for alleged failure to provide plan documents only apply to plan administrators, and BCBSTX is not a plan administrator. *Brown v. J.B. Hunt Transp. Servs.*, 586 F.3d 1079, 1088 (8th Cir. 2009); *Ross v. Rail Car Am. Grp. Disability Income Plan,* 285 F.3d 735, 743-44 (8th Cir. 2002). Under 29 U.S.C. § 1024(b)(4), plan administrators are required to provide a copy of the plan upon written request. 29 U.S.C. § 1024(b)(4); *see also Ross,* 285 F.3d at 743-44 (plan administrator is responsible for providing plan documents pursuant to 29 U.S.C. § 1024(b)(4)). Failure to provide a copy of the plan to the claimant within thirty days subjects the plan administrator to a $110 per day penalty. 29 C.F.R. § 2575.502c-1. The plan administrator is the

5

"person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(B). The employer is deemed to be the plan administrator in the event no one else is designated. *Id.* "ERISA specifically makes the plan administrator responsible for providing plan documents," so that an insurer or claim administrator that is not the plan administrator may not be held liable for 29 U.S.C. § 1132(c) penalties. *Brown*, 586 F.3d at 1088; *Ross,* 285 F.3d at 743-44; *Jordan v. Aetna Life Ins. Co*., 2012 U.S. Dist. LEXIS 11160, at *1 (granting motion to dismiss statutory penalty claim against claim administrator for alleged failure to provide plan documents).

In this case, Plaintiffs' Complaint seeks $110 a day in statutory penalties for BCBSTX's alleged failure to provide Plaintiffs with the Summary of Plan Description, benefit booklet, and USPI Benefit Plan. The benefit plan at issue is a self-funded plan for USPI employees; USPI is both the plan sponsor and plan administrator. BCBSTX, on the other hand, is the claim administrator, not the plan administrator, and, as such, BCBSTX had no obligation to provide the underlying plan documents Plaintiffs requested and cannot be held liable under the applicable statutory sections. (Doc. 1, ¶ 20) (identifying BCBSTX as claim administrator); *Brown*, 586 F.3d at 1088; *Ross,* 285 F.3d at 743-44; *Jordan*, 2012 U.S. Dist. LEXIS 11160, at *1. Because BCBSTX is the claim administrator rather than the plan administrator, it cannot be held liable for an alleged failure to provide plan documents it does not maintain and had no obligation to produce. Therefore, Count IV is dismissed with prejudice as to BCBSTX only.

## CONCLUSION

For the foregoing reasons, the Defendants' partial motions to dismiss (Docs. 16, 19) are **GRANTED**. Count II of Plaintiffs' Complaint is hereby dismissed as duplicative as to both

6

BCBSTX and USPI. Count III is dismissed with prejudice against BCBSTX and USPI. Count IV is dismissed with prejudice only as to BCBSTX.

**IT IS SO ORDERED.**

Dated: August 11, 2021

  */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**